318

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Roberto SPALDING, Defendant—
Appellant.**

No. 05–7594.

United States Court of Appeals,
Fourth Circuit.

Submitted April 20, 2006.

Decided April 25, 2006.

Roberto Spalding, Appellant Pro Se.
Laura Marie Everhart, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

Before MICHAEL, KING, and
DUNCAN, Circuit Judges.

Dismissed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit. See Local Rule
36(c).

PER CURIAM:

Roberto Spalding seeks to appeal the
district court's order denying relief on his
Fed.R.Civ.P. 60(b) motion, which the district court properly construed as a successive 28 U.S.C. § 2255 (2000) motion. An
appeal may not be taken from the final
order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of
appealability. 28 U.S.C. § 2253(c)(1)
(2000). A certificate of appealability will
not issue absent "a substantial showing of
the denial of a constitutional right." 28
U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that
reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that
any dispositive procedural ruling by the
district court is likewise debatable. See
Miller–El v. Cockrell, 537 U.S. 322, 336,
123 S.Ct. 1029, 154 L.Ed.2d 931 (2003);
Slack v. McDaniel, 529 U.S. 473, 484, 120
S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose
v. Lee, 252 F.3d 676, 683 (4th Cir.2001).
We have independently reviewed the record and conclude that Spalding has not
made the requisite showing.

Additionally, we construe Spalding's notice of appeal and informal brief on appeal
as an application to file a second or successive § 2255 motion. See United States v.
Winestock, 340 F.3d 200, 208 (4th Cir.
2003). To obtain authorization to file a
successive § 2255 motion, a prisoner must
assert claims based on either: (1) a new
rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review;
or (2) newly discovered evidence sufficient
to establish that no reasonable fact finder
would have found the movant guilty. 28
U.S.C. §§ 2244(b)(3)(C), 2255 (2000).
Spalding's claim does not satisfy either of
these conditions.

For these reasons, we deny a certificate
of appealability, decline to authorize Spalding to file a successive § 2255 motion, and
dismiss the appeal. We dispense with oral
argument because the facts and legal contentions are adequately presented in the
materials before the court and argument
would not aid the decisional process.

*DISMISSED.*